■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD C. BAKER, Appellant. [752 NYS2d 921] —Carpinello, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered August 15, 2000, convicting defendant upon his plea of guilty of the crime of attempted murder in the second degree.

Defendant pleaded guilty to the crime of attempted murder in the second degree in full satisfaction of a 12-count indictment and waived his right to appeal. He was sentenced in accordance with the plea agreement to a determinate prison term of 15 years and was ordered to pay $10,000 in restitution.

On appeal, defendant challenges the sufficiency of his plea allocution and the period of postrelease supervision imposed on him in connection with the sentence. Initially, we note that defendant's challenge to the factual sufficiency of the plea allocution is not preserved for our review given his failure to make a motion to withdraw his plea or to vacate the judgment of conviction (*see People v King*, 299 AD2d 661; *People v Johnson*, 297 AD2d 879, *lv denied* 99 NY2d 537). The narrow exception to the preservation requirement is not applicable here as there was nothing said during the plea colloquy to cast

significant doubt upon defendant's guilt (*see People v Lopez*, 71 NY2d 662, 666; *People v Kemp*, 288 AD2d 635, 636). In any event, our review of the allocution reveals that it was sufficient insofar as "defendant's affirmative responses to County Court's questions established the elements of the crime[ ] charged and there is no indication in the record that the voluntary plea was baseless or improvident" (*People v Kemp, supra* at 636; *see People v Bunger*, 269 AD2d 620, *lv denied* 94 NY2d 945).

We reach a different conclusion, however, with respect to the imposition of a period of postrelease supervision following defendant's incarceration. The plea and sentencing minutes disclose that although this was an automatic part of defendant's determinate sentence (*see* Penal Law § 70.45 [1]), defendant was not advised of this "direct consequence" prior to County Court accepting his plea (*People v Jachimowicz*, 292 AD2d 688, 688). Accordingly, he should be afforded the opportunity to withdraw his plea notwithstanding his failure to make the appropriate motion (*see People v Jaworski*, 296 AD2d 597, 598; *People v Jachimowicz, supra* at 688).

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, plea vacated and matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision.