■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINTON S. TOWNSEND, Appellant. [761 NYS2d 531] —Crew III, J.P. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered July 19, 2002, (1) convicting defendant upon his plea of guilty of the crime of robbery in the first degree, and (2) which revoked his probation and imposed a sentence of imprisonment.

Defendant was charged in an indictment with various theft-related crimes arising out of an incident in which he threatened

a store clerk with a knife and took money from the cash register. Defendant also was charged with violating the terms of his probation by, among other things, using drugs. Defendant subsequently pleaded guilty to robbery in the first degree in full satisfaction of the indictment and admitted to violating the terms of his probation. In accordance with a plea agreement, defendant was sentenced as a second felony offender to a determinate prison term of eight years on the robbery conviction, to be followed by a five-year period of postrelease supervision, and a concurrent one-year jail term on the probation violation. Defendant now appeals.

Defendant first contends that his plea was not knowing, voluntary or intelligent because he was not advised of the consequences of his plea nor of a potential intoxication defense. Initially, we note that defendant's failure to move to withdraw his plea or vacate the judgment of conviction precludes him from challenging the voluntariness of the plea (*see People v Keyes*, 300 AD2d 909, 909 [2002]; *People v Jaworski*, 296 AD2d 597, 597 [2002]). Nevertheless, were we to address this claim, we would find it wholly unpersuasive.

Defendant further asserts that he was denied the effective assistance of counsel because his attorney failed to investigate potential defenses, in particular his alleged intoxication defense. Although this claim impacts upon the voluntariness of the plea, defendant has failed to preserve it by moving to withdraw the plea or vacate the judgment of conviction (*see People v Grant*, 294 AD2d 671, 672 [2002], *lv denied* 98 NY2d 730 [2002]; *People v Jones*, 289 AD2d 871 [2001]). In any event, defendant himself negated the validity of the intoxication defense by advising County Court that, in spite of the fact that he was under the influence of drugs and alcohol, he knew what he was doing at the time of committing the robbery and was motivated by the desire to have money to buy drugs.

Lastly, defendant's challenge to the severity of the sentence is also unavailing. Given the violent nature of the crime, defendant's criminal history and his agreement to the sentence as part of the plea bargain, we perceive no extraordinary circumstances warranting reduction of the sentence in the interest of justice (*see People v Brewer*, 302 AD2d 795, 796 [2003]).

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Chemung County for further proceedings pursuant to CPL 460.50 (5).