■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL S. HAZEN, Appellant. [764 NYS2d 289] —Lahtinen, J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered October 29, 2001, convicting defendant upon his plea of guilty of the crimes of assault in the second degree and attempted assault in the second degree.

Following a stabbing incident in May 2001, defendant was charged in an indictment with assault in the second degree. While in jail on that charge, he was involved in a physical altercation with another inmate and was charged in a superior court information with assault in the second degree. In September 2001, he pleaded guilty to assault in the second degree and attempted assault in the second degree in full satisfaction of both charges. In accordance with the plea agreement, he was sentenced to a prison term of seven years on the assault conviction and 2 to 4 years on the attempted assault conviction. Defendant now appeals.

Defendant's main contention is that his plea should be vacated because he was not advised that the determinate seven-year prison term imposed upon his conviction of assault

---

in the second degree would be followed by a period of postrelease supervision. In *People v Goss* (286 AD2d 180 [2001]), we held that postrelease supervision is a direct consequence of a defendant's guilty plea and the failure to advise a defendant of such consequence prior to entering a guilty plea mandates that a defendant be afforded the opportunity to withdraw such plea. We have consistently applied this rule to convictions preceding our decision in *People v Goss* (*supra*) even where a defendant has not preserved the issue by making an appropriate motion before the trial court, in which case we have exercised our interest of justice jurisdiction (*see People v Vahedi*, 305 AD2d 866 [2003]; *People v Harler*, 296 AD2d 712 [2002]; *People v Jaworski*, 296 AD2d 597 [2002]). Here, defendant was convicted on October 29, 2001 and was not informed either during the plea proceedings or at sentencing that his seven-year determinate sentence would be followed by a period of postrelease supervision. Although he did not make a formal motion to withdraw his plea, we nevertheless find that this omission requires that he be granted that opportunity now. In light of our disposition, we need not address defendant's remaining claims.

Mercure, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, plea vacated and matter remitted to the County Court of Delaware County for further proceedings not inconsistent with this Court's decision.