◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE C. ROGERS, Appellant. [764 NYS2d 365] —Cardona, P.J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered December 14, 2001, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

In October 2001, defendant pleaded guilty to the crime of assault in the second degree in full satisfaction of a three-count indictment arising from an incident of domestic violence. County Court denied defendant's motion to withdraw his plea, predicated on alleged ineffective assistance of counsel, and sentenced defendant to a $3^1/_2$-year prison term followed by three years' postrelease supervision. Defendant challenges the harshness of his sentence and voluntariness of his plea, contending, among other things, that he was not informed that he would be subject to a mandatory period of postrelease supervision before he entered his plea. The record reflects that defendant was not informed of this direct consequence of his guilty plea before his plea was accepted and, accordingly,

should be afforded an opportunity to withdraw his plea (*see People v Vahedi*, 305 AD2d 866 [2003]; *People v Baker*, 301 AD2d 868, 869 [2003], *lv dismissed* 99 NY2d 625 [2003]; *People v Goss*, 286 AD2d 180, 184 [2001]). Although this specific issue was not preserved by defendant's postconviction motion, under the circumstances herein, we exercise our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]) and reverse the judgment of conviction (*see People v Baker, supra; People v Jaworski*, 296 AD2d 597, 598 [2002]). In light of this decision, defendant's remaining contentions need not be addressed.

Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, plea vacated and matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this Court's decision.