■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LATREVETTE SMITH, Appellant. [768 NYS2d 670]—Peters, J. Appeal from a judgment of the Supreme Court (Keegan, J.), rendered September 11, 2001 in Albany County, convicting defendant upon her plea of guilty of the crime of attempted assault in the first degree.

Following her involvement in a stabbing incident, defendant was charged with attempted murder in the second degree, assault in the first degree, assault in the second degree and criminal possession of a weapon in the third degree. She pleaded

guilty to attempted assault in the first degree in full satisfaction of the charges and agreed to an eight-year prison term to be followed by a five-year period of postrelease supervision. Defendant was sentenced, in accordance with the plea agreement, as a second felony offender. She now appeals.

Initially, defendant is precluded from challenging the factual sufficiency of the plea inasmuch as she did not move to withdraw the plea or vacate the judgment of conviction (*see People v Wehrle*, 308 AD2d 660, 661 [2003]; *People v Baker*, 301 AD2d 868, 868 [2003], *lv dismissed* 99 NY2d 625 [2003]). The narrow exception to the preservation rule is inapplicable as defendant did not state anything during the plea colloquy to cast significant doubt upon her guilt (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Cabezas*, 307 AD2d 594, 595 [2003], *lv denied* 100 NY2d 618 [2003]; *People v Baker, supra* at 868-869). In any event, even if we were to consider defendant's claim, we would find it to be unpersuasive. "[D]efendant's affirmative responses to [Supreme] Court's questions established the elements of the crime charged and there is no indication in the record that the voluntary plea was baseless or improvident" (*People v Kemp*, 288 AD2d 635, 636 [2001]; *see People v Baker, supra* at 869). Furthermore, we find no merit to defendant's challenge to the severity of the sentence. Defendant was sentenced in accordance with the plea agreement and, given the violent nature of the crime and defendant's criminal record, we perceive no extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Townsend*, 306 AD2d 761, 762 [2003], *lv denied* 100 NY2d 625 [2003]).

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.