■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD S. LOUDENSLAGER, Appellant. [768 NYS2d 852]—

Carpinello, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered December 14, 2001, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

On November 2, 2001, in accordance with a plea agreement, defendant pleaded guilty to the crime of attempted burglary in the second degree in full satisfaction of a three-count indictment. He was subsequently sentenced as a second felony offender to a prison term of five years, to be followed by a five-year period of postrelease supervision. Defendant argues that his conviction should be vacated, thus permitting him to withdraw his plea, because he was not informed that his term of imprisonment would be followed by a period of postrelease supervision (*see People v Jaworski*, 296 AD2d 597, 598 [2002]; *People v Goss*, 286 AD2d 180, 184 [2001]).

A review of the record indicates that defendant was never informed that a term of postrelease supervision would be imposed prior to the actual imposition of his sentence by County

Court (*compare People v Williams*, 307 AD2d 537, 538 [2003], *lv denied* 100 NY2d 646 [2003] [prosecution expressly confirmed at plea allocution that a period of postrelease supervision would be imposed]; *People v Van Gorden*, 307 AD2d 547, 548 [2003] [prosecution recommended a sentence which expressly included a period of postrelease supervision prior to imposition of sentence]). As defendant was not advised of this direct consequence of his plea, he should be allowed to withdraw it (*see People v Hazen*, 308 AD2d 637 [2003]). Despite defendant's failure to make a motion for this relief, we exercise our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]) and reverse the judgment of conviction (*see People v Rogers*, 308 AD2d 638 [2003]; *People v Baker*, 301 AD2d 868 [2003], *lv dismissed* 99 NY2d 625 [2003]; *People v Jaworski, supra*). In light of this decision, we need not address defendant's contention that his sentence was harsh and excessive.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, plea vacated and matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this Court's decision.