■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN M. KANE, Appellant. [774 NYS2d 451]—

Kane, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered September 25, 2002,

convicting defendant upon his plea of guilty of the crime of burglary in the first degree.

After defendant was indicted of the crimes of burglary in the first degree and two counts of burglary in the second degree, County Court ordered that he undergo a competency examination pursuant to CPL article 730. Defendant was examined by a psychiatrist and a psychologist, both of whom completed reports indicating that defendant did not suffer a mental disease or defect rendering him unable to understand the proceedings against him or to assist in his own defense. Thereafter, defendant pleaded guilty to burglary in the first degree in full satisfaction of the indictment. He was sentenced, in accordance with the plea agreement, as a second felony offender to a 10-year prison term, to be followed by a five-year period of postrelease supervision. He now appeals.

Contrary to defendant's claim, we do not find that County Court erred in failing to order a hearing pursuant to CPL article 730 to determine his competency to stand trial. Both of the experts who examined defendant were unanimous in their opinions that he was fit to stand trial. In such situation, the statute does not require that a competency hearing be conducted and defense counsel did not request one (*see* CPL 730.30 [2]). Although County Court could have ordered one on its own motion, we do not find that it abused its discretion in declining to do so under the circumstances presented (*see* CPL 730.30 [2]; *People v Tortorici*, 92 NY2d 757, 765-766 [1999], *cert denied* 528 US 834 [1999]; *People v Wojes*, 306 AD2d 754, 755 [2003], *lv denied* 100 NY2d 600 [2003]). Moreover, while defendant also takes issue with the form of the reports prepared by the psychiatric experts, we do not find them deficient inasmuch as they complied with the requirements of CPL 730.10 (8) (*see People v Carkner*, 213 AD2d 735, 739 [1995], *lv denied* 85 NY2d 970 [1995]). We have considered defendant's remaining claim that his heart condition necessitates remittal of the matter for a hearing and possible resentencing, and find it to be without merit.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.