■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL L. HAMILTON, Appellant. [775 NYS2d 605]—

Crew III, J. Appeal from a judgment of the County Court of Schuyler County (Argetsinger, J.), rendered November 15, 2001, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and robbery in the second degree (two counts).

On October 25, 2001, defendant pleaded guilty to burglary in the second degree and two counts of robbery in the second degree as charged in a three-count indictment. The sentence to be imposed as part of the plea agreement was $3^1/_2$ years in prison on each count, to run concurrently. At sentencing on November 15, 2001, County Court imposed the agreed-upon sentence instead of the five-year prison term recommended by the District Attorney. The court, however, made no mention of the fact that defendant would be required to serve a period of postrelease supervision pursuant to Penal Law § 70.45. Defendant now appeals.

This Court held in *People v Goss* (286 AD2d 180 [2001]) that a defendant who is not advised that incarceration will be followed by a mandatory period of postrelease supervision must be allowed to withdraw his or her plea because such condition is a "direct consequence" of the plea. Inasmuch as defendant was not so advised in the case at bar, the same relief should be afforded to him (*see People v Loudenslager*, 2 AD3d 1220, 1221 [2003]; *People v Baker*, 301 AD2d 868, 869 [2003], *lv dismissed* 99 NY2d 625 [2003]; *People v Jachimowicz*, 292 AD2d 688, 688 [2002]). Notably, both the plea and sentencing proceedings occurred prior to this Court's decision in *People v Goss* (*supra*). Therefore, notwithstanding defendant's failure to make an appropriate motion, we exercise our interest of justice jurisdiction and reverse the judgment of conviction (*see People v Loudenslager, supra* at 1221; *People v Hazen*, 308 AD2d 637, 638 [2003]).

Cardona, P.J., Mercure, Peters and Kane, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, plea vacated and matter remitted to the County Court of Schuyler County for further proceedings not inconsistent with this Court's decision.