■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID E. LABARGE, JR., Appellant. [786 NYS2d 673]—Mercure, J.P. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered August 4, 2003, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree and criminal use of a firearm in the first degree.

Defendant was charged with numerous crimes stemming from his participation in an armed robbery. Pursuant to a negotiated plea agreement, he pleaded guilty to the crimes of robbery in the first degree and criminal use of a firearm in the first degree with the understanding that he would be sentenced to concurrent prison terms in the range of five to seven years, followed by a period of postrelease supervision. As part of the guilty plea, defendant waived his right to appeal with the exception of sentencing and constitutional issues. County Court thereafter sentenced defendant to concurrent prison terms of seven years, followed by a five-year period of postrelease supervision. Defendant appeals, contending that he did not receive the effective assistance of counsel and his sentence is harsh and excessive.

Initially, we note that although defendant's waiver of his right to appeal does not preclude his challenge to the effectiveness of his counsel insofar as his claims implicate the voluntariness of his plea (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Lee*, 272 AD2d 785, 785 [2000], *lv denied* 95 NY2d 867 [2000]; *cf. People v Almonte*, 288 AD2d 632, 633 [2001], *lvs denied* 97 NY2d 726, 727 [2002]), defendant's failure to move to vacate the judgment of conviction or to withdraw his guilty plea renders this argument unpreserved for our review (*see People v Smith*, 300 AD2d 745, 745 [2002], *lvs denied* 99 NY2d 616, 620 [2003]; *People v Soto*, 259 AD2d 904, 905 [1999]). Moreover, we find no circumstances that would warrant the exercise of our interest of justice jurisdiction. Defendant's claim that he was given only a minimal amount of time to consider the plea offer is flatly contradicted by evidence in the record demonstrating that the offer was held open to defendant for several months. Finally, although defendant did not waive his right to appeal his sentence (*cf. People v Clow*, 10 AD3d 803, 804-805 [2004]), his contention that the sentence is harsh and excessive is meritless.

Crew III, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.