■ The People of the State of New York, Respondent, v Matthew J. Bundy, Appellant. [790 NYS2d 775]—

Carpinello, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered June 12, 2001, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

On May 1, 2001, defendant pleaded guilty to the crime of rape in the first degree in satisfaction of a five-count indictment charging him with various sex crimes. During the plea proceedings, it was agreed that defendant would be sentenced to a 10-year prison term and that an order of protection would be

imposed. On June 12, 2001, defendant was sentenced as agreed. No mention, however, was made either during the plea proceedings or at sentencing that a mandatory period of postrelease supervision would follow defendant's imprisonment (*see* Penal Law § 70.45 [1]). Subsequent to his conviction, the Public Defender's office made a CPL 460.30 motion on behalf of defendant for an extension of time within which to file a notice of appeal. On December 3, 2001, this Court denied that motion on the basis that the papers did not set forth proper grounds for relief.

In December 2002, defendant made a pro se CPL 440.10 motion to set aside the judgment of conviction on the grounds that he was not informed that his incarceration would be followed by a period of postrelease supervision and that he received the ineffective assistance of counsel. The motion was denied by County Court in April 2003. Shortly thereafter, defendant made two more pro se motions on nearly identical grounds which were also denied by County Court in June 2003. In the meantime, defendant made a pro se motion to this Court for an extension of time within which to file a notice of appeal from the judgment of conviction, which was treated as a motion for reconsideration and granted in May 2003. Defendant now appeals from the judgment of conviction.

Defendant's primary contention is that he should be permitted to withdraw his plea because he was not informed either at the time of the plea or at sentencing that his incarceration would be followed by a period of postrelease supervision, contrary to the mandates of this Court's decision in *People v Goss* (286 AD2d 180 [2001]). Based upon our review of the record and the circumstances of this case, we are constrained to agree. In situations where a defendant was not informed of the direct consequence of postrelease supervision at the time of entering a plea and the plea and sentence preceded our decision in *People v Goss* (*supra*), we have afforded the defendant the opportunity to withdraw his or her plea (*see e.g. People v Hamilton*, 6 AD3d 979 [2004]; *People v Grose*, 2 AD3d 1211 [2003]). In view of our disposition, we need not address defendant's remaining claim.

Cardona, P.J., Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, plea vacated and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.