■ The People of the State of New York, Respondent, v El-Kareem Green, Appellant. [792 NYS2d 712]—

Kane, J. Appeal from a judgment of the County Court of

Albany County (Herrick, J.), rendered March 5, 2003, convicting defendant upon his plea of guilty of the crimes of attempted robbery in the first degree and robbery in the third degree.

Defendant was charged in a three-count indictment with the crimes of robbery in the first degree, grand larceny in the fourth degree and robbery in the third degree after he forcibly stole two purses and their contents from the victims. Pursuant to a negotiated plea agreement, defendant pleaded guilty to attempted robbery in the first degree and robbery in the third degree, waiving his right to appeal, in exchange for agreed-upon consecutive sentences of eight years and 2 to 6 years, respectively. Defendant was sentenced in accordance with the plea agreement and now appeals.

To the extent that defendant's challenge to the effectiveness of counsel implicates the voluntariness of his guilty plea, it is not encompassed by his waiver of the right to appeal; however, it is nonetheless unpreserved for our review given defendant's failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Labarge*, 13 AD3d 989, 989 [2004]). Even assuming that the issue is properly before us, we are not persuaded by defendant's assertion that his plea was involuntary because defense counsel failed to apprise him of the plea offer before the hearing began. While counsel initially stated that he had advised defendant only of an alternative plea offer made by the People, the record reveals that counsel thereafter discussed the instant offer with defendant before defendant entered his plea, and defendant confirmed during the plea allocution that he understood and agreed with the terms of the plea bargain and had sufficient time to discuss it with counsel. Moreover, defendant indicated that he understood the rights he was waiving as a result of pleading guilty, including the right to appeal, that he was doing so free of any threat or coercion and that he was satisfied with the representation that he received. He then proceeded to recite the facts underlying the crimes charged. Under these circumstances, we are unable to say that counsel was ineffective, and we find that defendant's plea was in all respects voluntary, knowing and intelligent (*see People v Bolden*, 14 AD3d 934, 935 [2005], *lv denied* 4 NY3d 796 [2005]). Defendant's remaining contentions are either foreclosed by his waiver of appeal or without merit.

Crew III, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.