■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON B. MONDORE, Appellant. [794 NYS2d 718]—Carpinello, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered August 20, 2002, convicting defendant upon his plea of guilty of the crime of criminal sale of marihuana in the second degree.

Defendant and another individual were indicted and charged with criminal sale of marihuana in the second degree arising from the sale of marihuana to a confidential informant. Defendant, after conferring with counsel, agreed to plead guilty and, in exchange, defendant was promised a sentence of no more than six months in jail and a five-year period of probation. Defendant also agreed to waive his right to appeal and executed a written waiver. Defendant acknowledged that he understood that he was giving up certain rights associated with a jury trial and then stated that he "was an accomplice to a third party" who sold marihuana to another person, and that the marihuana weighed more than four ounces. Thereafter, County Court sentenced him to a four-month jail term and a five-year period of probation. He now appeals.

Defendant's challenge to the voluntariness of the plea, while not encompassed by his waiver of the right to appeal, is not preserved for our review inasmuch as he did not move to withdraw the plea or vacate the judgment of conviction (*see People v MacCue*, 8 AD3d 910, 911 [2004], *lv denied* 3 NY3d 708 [2004]; *People v Ward*, 2 AD3d 1219, 1219 [2003], *lv denied* 2 NY3d 808 [2004]). The exception to the preservation rule is inapplicable as defendant did not make any statements that were inconsistent with his guilt such as to negate an essential element of the crime (*see People v Lopez*, 71 NY2d 662, 666

[1988]; *People v Ward, supra* at 1219). In any event, were we to consider defendant's argument, we would find it to be without merit as "defendant's affirmative responses to County Court's questions established the elements of the crime[ ] charged and there is no indication in the record that the voluntary plea was baseless or improvident" (*People v Kemp*, 288 AD2d 635, 636 [2001]; *see People v Baker*, 301 AD2d 868, 869 [2003], *lv dismissed* 99 NY2d 625 [2003]).

Given the knowing, voluntary and intelligent plea of guilty and waiver of the right to appeal, we will not review defendant's contention that his sentence was harsh and excessive (*see People v Clow*, 10 AD3d 803, 804 [2004]; *People v Hughes*, 3 AD3d 736, 737 [2004]).

Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.