■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. COFFEY, Appellant. [794 NYS2d 746]—

Peters, J. Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered July 29, 2003, convicting defendant upon his plea of guilty of the crimes of assault in the second degree and criminal contempt in the first degree.

In a six-count indictment, defendant was charged with burglary in the first degree, assault in the second and third degrees, criminal contempt in the first degree, menacing in the second degree and endangering the welfare of a child. These charges

arose when defendant violated an order of protection prohibiting him from seeing his wife and children by entering his wife's home and assaulting her with a pair of scissors in the presence of their four sons. While awaiting trial, defendant sent his wife threatening letters and County Court issued a temporary order of protection prohibiting defendant from seeing or communicating with his wife and children. After conferring with his attorney, defendant agreed to plead guilty to assault in the second degree and criminal contempt in the first degree in full satisfaction of the indictment in exchange for the People's recommendation of a four-year prison term on the assault charge and a one-year concurrent term for the criminal contempt charge. The plea agreement also included a period of postrelease supervision and an order of protection. Defendant stated that he understood the plea bargain and the consequences of pleading guilty and then admitted his guilt. County Court specifically asked defendant whether he was aware of the order of protection and defendant responded, "yes, sir." Defendant was thereafter sentenced in accordance with the People's recommendation and County Court entered an order of protection "in the same format as the current temporary order of protection." The order of protection continued to protect both his wife and his children, and was signed by defendant. Defendant now appeals and we affirm.

Defendant's challenge to the voluntariness of the plea is not preserved for our review given his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Lee*, 272 AD2d 785 [2000], *lv denied* 95 NY2d 867 [2000]; *People v Doty*, 267 AD2d 616, 616-617 [1999]). Were we to consider the issue, we would conclude that defendant entered a knowing, voluntary and intelligent guilty plea (*see People v Fuller*, 245 AD2d 987, 987-988 [1997], *lv denied* 91 NY2d 941 [1998]). While the People and defendant's attorney referred to the order of protection as being in favor of "the victim," it is clear that defendant understood that the order of protection included his children; indeed, the two prior orders of protection included his children and County Court stated at sentencing that the order would continue in the same format. Moreover, defendant expressed his regret at being unable to see or talk with his children, and the order of protection which he signed at sentencing named his wife and children as those individuals protected by the order. Thus, defendant fully understood, and was aware of, the consequences of his plea (*see People v Ford*, 86 NY2d 397, 402-403 [1995]).

We are also unpersuaded by defendant's contention that his

sentence is harsh and excessive. Given the nature of the crime, we discern no abuse of discretion or extraordinary circumstances to warrant a reduction in the sentence (*see People v Santiago,* 6 AD3d 979, 979 [2004]; *People v Biggs,* 268 AD2d 800, 800 [2000]).

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.