■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC JOHNSON, Appellant. [800 NYS2d 785]—

Crew III, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered December 24, 2003, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

Defendant was charged in a three-count indictment with rape in the first degree, rape in the third degree and sexual abuse in the first degree. Pursuant to a negotiated plea agreement, defendant pleaded guilty to rape in the first degree in full satisfaction of the indictment and was sentenced to a prison term of eight years followed by a five-year period of postrelease supervision. Defendant now appeals and we affirm.

Defendant's challenge to the voluntariness of his plea is not preserved for our review inasmuch as he did not make a motion to withdraw the plea or vacate the judgment of conviction (*see People v MacCue,* 8 AD3d 910, 911 [2004], *lv denied* 3 NY3d 708 [2004]; *People v Ward,* 2 AD3d 1219, 1219 [2003], *lv denied* 2 NY3d 808 [2004]). Moreover, the exception to the preservation requirement is inapplicable as defendant did not make any statements during the plea allocution that were inconsistent with his guilt such as to negate an essential element of the crime (*see People v Lopez,* 71 NY2d 662, 666 [1988]; *People v Ward, supra* at 1219). In any event, the transcript of the plea proceeding discloses that County Court conducted a thorough inquiry and accepted defendant's plea only after it was satisfied that the plea was entered knowingly and voluntarily. Lastly, we reject defendant's contention that his prison term was harsh and excessive and that extraordinary circumstances, consisting of his prospects for successful rehabilitation and his lack of a criminal record, warrant a reduction of the sentence in the

interest of justice. Defendant was sentenced in accordance with a negotiated plea agreement and, given the violent nature of the crime, we find no reason to disturb the sentence imposed (*see People v Butterfield*, 9 AD3d 682 [2004]; *People v Gambaccini*, 2 AD3d 1065, 1067 [2003], *lv denied* 2 NY3d 739 [2004]; *People v Krzykowski*, 293 AD2d 877 [2002], *lv denied* 100 NY2d 643 [2003]).

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.