■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORRIE BLAIR, Appellant. [801 NYS2d 166]—Crew III, J.P. Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered June 9, 2003, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant was indicted and charged with criminal possession of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance in the third degree in connection with her alleged possession and sale of crack cocaine on two dates in January 2003. Additionally, a violation of probation proceeding was commenced against defendant as a result of her arrest on the aforementioned charges. After conferring with counsel, defendant agreed to accept the plea bargain offered by the People prior to the commencement of a hearing on pretrial motions. Accordingly, defendant pleaded guilty to criminal possession of a controlled substance in the third degree, waived her right to appeal and, as agreed, was sentenced to a term of imprisonment of 5 to 10 years upon her conviction of that crime and a concurrent prison term of 1 to 3 years for her admitted violation of probation.

On appeal, defendant challenges the voluntariness of her guilty plea. Although the voluntariness of defendant's plea is not encompassed in the waiver of her right to appeal, the issue is not preserved for our review inasmuch as she did not move to withdraw the plea or vacate the judgment of conviction (*see People v Mondore*, 18 AD3d 961, 961 [2005]; *People v Kemp*, 288 AD2d 635, 635 [2001]), and the exception to the preservation rule is inapplicable as the record of defendant's plea colloquy does not contain any statements tending to negate an element of the crime (*see People v Mondore, supra* at 961; *People v Kemp, supra* at 636). Nevertheless, were we to consider defendant's argument, we would conclude that her plea was knowing, voluntary and intelligent (*see People v Coffey*, 18 AD3d 1028, 1029 [2005]; *People v Keebler*, 15 AD3d 724, 725-726 [2005]). Finally, given defendant's knowing, voluntary and intelligent plea of guilty and waiver of the right to appeal, we will not review her contention that her sentence should be reduced in the interest of justice (*see People v Clow*, 10 AD3d 803, 804 [2004]).

Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.