■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FELLER, Appellant. [807 NYS2d 689]—Crew III, J. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered December 9, 2003, convicting defendant upon his plea of guilty of the crime of assault in the second degree and of violating the terms of his probation.

While on probation, defendant was charged by indictment with assault in the first degree, reckless endangerment in the first degree and endangering the welfare of a child. Pursuant to a negotiated plea agreement, defendant pleaded guilty to assault in the second degree and violation of probation and waived his right to appeal. Defendant thereafter was sentenced, as a second felony offender, to concurrent prison terms of 1 to 3 years on the probation violation and five years on the assault conviction. Defendant now appeals.

Defendant's challenge to the factual sufficiency of the plea allocution is foreclosed by his voluntary waiver of the right to appeal, and is unpreserved due to his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Tausinger*, 21 AD3d 1181, 1182 [2005]; *People v Briggs*, 21 AD3d 652, 653 [2005]; *People v Wehrle*, 308 AD2d 660, 661 [2003]). Moreover, defendant's statements during the plea colloquy did not negate an essential element of the crime or cast significant doubt upon his guilt so as to trigger the exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Reid*, 21 AD3d 1215, 1216 [2005]; *People v Bethea*, 19 AD3d 813, 814 [2005]). Finally, given defendant's knowing, voluntary and intelligent plea of guilty and waiver of the right to appeal, we decline to review his contention that the sentence should be reduced in the interest of justice (*see People v Clow*, 10 AD3d 803, 804 [2004]).

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.