THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY BAGLEY, Appellant. [824 NYS2d 457]—

Mugglin, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered November 15, 2005, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree.

In satisfaction of a two-count indictment, defendant pleaded guilty to a reduced charge of criminal sale of a controlled substance in the fifth degree, waiving his right to appeal. He was thereafter sentenced as a second felony offender to the agreed-upon prison term of two years, with two years of postrelease supervision. Defendant now appeals.

Initially, defendant's challenge to the factual sufficiency of the plea allocution is precluded by the voluntary waiver of his right to appeal (see People v Alexander, 31 AD3d 885, 886 [2006]; People v Feller, 25 AD3d 881 [2006], lv denied 6 NY3d 812 [2006]). In addition, his failure to move to withdraw the plea or vacate the judgment of conviction renders the issue as to the voluntariness of his plea unpreserved for our review (see People v Bennett, 30 AD3d 631, 631 [2006], lv denied 7 NY3d 809

[2006]; *People v Jones*, 30 AD3d 633, 633 [2006], *lv denied* 7 NY3d 849 [2006]) and the exception to the preservation rule is not applicable inasmuch as defendant made no statements inconsistent with his guilt (*see People v Campbell*, 29 AD3d 1083, 1083-1084 [2006], *lv denied* 7 NY3d 786 [2006]; *People v Evans*, 27 AD3d 905, 906-907 [2006], *lv denied* 6 NY3d 847 [2006]). In any event, defendant's responses to County Court's questions during the plea colloquy established the elements of the crime and it was not necessary for defendant to personally recite the underlying facts (*see People v Alexander, supra*; *People v Mahar*, 12 AD3d 715, 716 [2004]).

We also find that, although defendant has some mental health difficulties for which he is receiving medication, the record as a whole reflects that he has demonstrated an ability to manage his mental health symptoms and he was capable of understanding the proceedings against him. As such, a competency hearing, which defense counsel did not request, was not required (*see People v Ferrer*, 16 AD3d 913, 914 [2005], *lv denied* 5 NY3d 788 [2005]; *People v Kane*, 6 AD3d 876, 877 [2004]). Finally, defendant's claim that his sentence should be modified in the interest of justice is foreclosed given his valid waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Alexander, supra* at 886).

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.