■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORDELL PALMER, Appellant. [826 NYS2d 528]—

Mugglin, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered November 14, 2003, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree and was sentenced, in accordance with the negotiated plea agreement, to a prison term of 3 to 6 years. On this appeal, he challenges the sufficiency of his plea allocution and asserts that he was denied the effective assistance of counsel. Initially, we note that inasmuch as defendant did not move to withdraw the plea or vacate the judgment of conviction, neither contention is preserved for our review (*see People v Bethea*, 19 AD3d 813, 814 [2005]; *People v Green*, 17 AD3d 780, 781 [2005]). Furthermore, and contrary to defendant's assertion here, "his factual recitation during the plea colloquy did not negate an essential element of the crime or cast significant doubt as to his guilt and, therefore, the exception to the preservation rule is not applicable" (*People v Hermance*, 12 AD3d 851, 852 [2004]).

Moreover, were we to consider defendant's arguments, we

would find them to be without merit. A police search of the apartment that defendant was in at the time of his arrest revealed over two grams of cocaine, two digital scales for weighing and measuring cocaine, multiple glassine envelopes used for packaging cocaine and a large quantity of cash. Although defendant, claiming to be a mere visitor on the premises, initially denied involvement, he ultimately admitted, during his plea colloquy, to possession of the narcotics for his "future use and control." A review of that same colloquy, meanwhile, underscores defendant's familiarity with the criminal justice system, as he repeatedly attempted to negotiate for a lesser sentence while questioning County Court regarding the possibility of confinement in a drug rehabilitation facility as opposed to state prison. The record is clear, nevertheless, that County Court fully apprised defendant of his rights and of the consequences of his plea prior to accepting it and that the plea was voluntarily entered (*see People v Mitchetti*, 13 AD3d 673, 674 [2004], *lv denied* 4 NY3d 766 [2005]).

Defendant's contention regarding the effectiveness of his counsel, who negotiated an advantageous plea agreement on his behalf, is similarly unpersuasive (*see People v Nugent*, 31 AD3d 976, 977 [2006]).

Cardona, P.J., Mercure, Crew III and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.