■ The People of the State of New York, Respondent, v Mary Janean Sylvester, Appellant. [836 NYS2d 341]—

Mugglin, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered March 29, 2006, convicting defendant upon her plea of guilty of the crime of attempted promoting prison contraband in the first degree.

In November 2004, defendant's husband, an inmate at Great

Meadow Correctional Facility in Washington County, was discovered in the possession of a cellular phone. During the ensuing investigation, defendant gave a statement to investigators for the Department of Correctional Services in which she admitted to secreting three cell phones, along with chargers and headsets, in a typewriter that she mailed, with the alleged assistance of a correction officer, into the prison. Subsequently charged in an indictment with promoting prison contraband in the first degree, she pleaded guilty to the crime of attempted promoting prison contraband in the first degree and was sentenced, in accordance with the plea agreement, to five years of probation. One term of probation prohibited her from entering any state correctional facility. Defendant now appeals and we affirm.

Because defendant failed to move to either withdraw her plea or vacate the judgment of conviction, her contentions regarding the effectiveness of her counsel and the sufficiency of her plea allocution are not preserved for our review (*see People v Palmer*, 36 AD3d 1015, 1015 [2007]). Were we to reach these issues, we would find them to be meritless. With respect to the sufficiency of her plea, defendant argues that our recent case of *People v Pagan* (36 AD3d 1163 [2007]) mandates reversal. The defendant therein, while admitting possession of a cell phone, expressly refused to acknowledge that the cell phone was dangerous, thus negating an essential element of the crime (*id.* at 1164-1165). Here, defendant is charged with unlawfully and knowingly introducing dangerous contraband into a detention facility and her statement to the court, "I didn't know it was dangerous contraband," is distinguishable. Lack of knowledge that an item is dangerous is not the equivalent of refusing to admit possession of dangerous contraband (*see e.g. People v Medina*, 262 AD2d 708, 709 [1999], *lv denied* 93 NY2d 1023 [1999]).

Defendant's ineffective assistance of counsel argument is premised on counsel's alleged failure to move for dismissal on speedy trial grounds based on preindictment delay. This argument is based on a constitutional due process claim, not a violation of the statute and, inasmuch as defendant has demonstrated no prejudice as a result of the delay, the claim has no merit (*see id.* at 710).

Lastly, we disagree with defendant's assertion that County Court abused its discretion in imposing the probationary condition that she be prohibited from entering a state correctional facility. While aware that such a condition will preclude her from visitation with her husband, we note that defendant met and married him while he was incarcerated for a murder conviction

and she had no involvement with the criminal justice system prior to his manipulation and negative influence. Under such circumstances, we conclude that the contested condition is reasonably related to defendant's rehabilitation (*see People v Swenson*, 12 AD3d 948, 948 [2004]).

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.