(November 21, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON RAMIREZ, Also Known as RAMON ROMERO, Appellant. [845 NYS2d 572]—

Carpinello, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered December 1, 2005, convicting defendant upon his plea of guilty of the crime of robbery in the third degree.

Defendant pleaded guilty to robbery in the third degree. In accordance with the negotiated plea agreement, he was sentenced to a prison term of seven years with a period of postrelease supervision and he waived his right to appeal. He was subsequently resentenced to a prison term of 3½ to 7 years. Despite his waiver of appeal, defendant now appeals* challenging the sufficiency of the plea allocution and the severity of the sentence imposed.

Defendant's voluntary waiver of his right to appeal precludes his challenge to the factual sufficiency of the plea allocution (see People v Bagley, 34 AD3d 992, 992 [2006], lv denied 8 NY3d 878 [2007]; People v Jackson, 30 AD3d 824, 824 [2006]). Moreover, his failure to move to withdraw the plea or vacate the judgment of conviction renders unpreserved for this Court's review any argument that his plea was rendered involuntary by the alleged insufficiency of the allocution (see People v Alexander, 31 AD3d 885, 886 [2006]; People v Mabry, 27 AD3d 835, 836 [2006]). The exception to the preservation rule is inapplicable here since defendant's factual recitation did not cast significant doubt on his guilt by negating an essential element of the crime or otherwise call into question the voluntariness of his plea (see People v Pagan, 36 AD3d 1163, 1164 [2007]; People v Palmer, 36 AD3d 1015, 1015 [2007], lv denied 8 NY3d 989 [2007]; People v Mainello, 29 AD3d 1175, 1176 [2006]).

With respect to defendant's argument that the sentence imposed was harsh and excessive, we reiterate that no notice of appeal was filed and served following his resentencing. In any event, in light of defendant's knowing, voluntary and intelligent plea of guilty and waiver of the right to appeal, we would decline to review his contention that the sentence imposed is excessive (see People v Nugent, 31 AD3d 976, 977 [2006], lv denied 8 NY3d

---

* Defendant has appealed only from the original judgment of conviction and not the judgment rendered upon resentencing.

925 [2007]; *People v Feller*, 25 AD3d 881 [2006], *lv denied* 6 NY3d 812 [2006]).

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.