■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL H. SADDLEMIRE, Appellant. [855 NYS2d 749]—

Kane, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered April 30, 2007, convicting defendant upon his plea of guilty of the crimes of grand larceny in the fourth degree and criminal contempt in the first degree.

In satisfaction of an indictment and a superior court information, defendant pleaded guilty to grand larceny in the fourth degree and criminal contempt in the first degree. County Court thereafter sentenced him, as a second felony offender, to 2 to 4 years in prison for both convictions, with the sentences to run concurrently. Defendant now appeals.

Defendant contends that his sentence as a second felony offender was illegal because County Court failed to comply with CPL 400.21. At sentencing, however, defendant was aware that he was to be sentenced as a second felony offender, was given notice of and an opportunity to controvert the second felony offender statement, and admitted that he was the person previously convicted of the prior felony. Furthermore, defendant does not challenge the validity of the prior conviction. Therefore, although County Court failed to specifically inquire if he wished to controvert any allegations made in the second felony offender statement as required by CPL 400.21 (3), we find the omission to be harmless (*see People v Flores*, 40 AD3d 876, 878 [2007], *lv denied* 9 NY3d 875 [2007]; *People v Ladson*, 30 AD3d 836, 837 [2006], *lv denied* 7 NY3d 814 [2006]; *People v Mann*, 258 AD2d 738, 739 [1999], *lv denied* 93 NY2d 900 [1999]).

We also find that as defendant failed to move to withdraw his plea or vacate his judgment of conviction, his challenge to the factual sufficiency of his plea is not preserved for review (*see People v Sanabria*, 43 AD3d 1228, 1229 [2007], *lv denied* 9 NY3d 993 [2007]; *People v Masters*, 36 AD3d 959, 960 [2007], *lv denied*

8 NY3d 925 [2007]). Moreover, as the plea colloquy does not call into question defendant's guilt or the voluntariness of his plea, the exception to the preservation rule is not applicable (*see People v Hall*, 41 AD3d 1090, 1090 [2007], *lv denied* 9 NY3d 876 [2007]; *People v Campbell*, 29 AD3d 1083, 1084 [2006], *lv denied* 7 NY3d 786 [2006]). In any event, we are satisfied that defendant's affirmative response to County Court's recitation of the facts during the plea colloquy established the elements of criminal contempt in the first degree, although defendant did not personally recite the underlying facts (*see People v Bagley*, 34 AD3d 992, 993 [2006], *lv denied* 8 NY3d 878 [2007]; *People v Alexander*, 31 AD3d 885, 886 [2006]).

Peters, J.P., Carpinello, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.