■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN VOLFSON, Also Known as OMAR COMBS, Also Known as BRUCE WILLIAMS, Also Known as ROBERT FORREST, Also Known as JOHN DOE, Appellant. [893 NYS2d 376]—Garry, J.

In January 2008, the State Police stopped a rental truck in the Town of Mamakating, Sullivan County and conducted a

canine sniff search that identified a large quantity of marihuana concealed inside the truck. The driver indicated that defendant, who was traveling in another vehicle, was responsible for the shipment. When defendant was stopped shortly thereafter, marihuana was found on his person and the truck's rental agreement was found in his vehicle. Defendant was arrested and subsequently charged with, among other things, criminal possession of marihuana in the first degree and forgery in the second degree. He pleaded guilty to these two charges under an agreement that included a waiver of the right to appeal and provided that he would be sentenced as a second felony offender to an aggregate prison term of 7½ years, with three years of postrelease supervision and, further, that New York would allow the sentence to run concurrently with any sentence imposed on charges then pending in Utah and New Mexico. Defendant now appeals.

Defendant's argument that his guilty plea was not knowingly, voluntarily, and intelligently made is not foreclosed by his waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10-11 [1989]; *People v Romano*, 45 AD3d 910, 912 [2007], *lv denied* 10 NY3d 770 [2008]). Nonetheless the issue is not preserved for our review due to defendant's failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Mondore*, 18 AD3d 961, 961 [2005]). The exception to the preservation rule does not apply as defendant made no statements during the plea colloquy that were inconsistent with guilt (*see People v Alexander*, 31 AD3d 885, 886 [2006]; *People v Mondore*, 18 AD3d at 961). In any event, defendant's claim that he did not understand the import of his waiver of the rights to trial and appeal is belied by the record of County Court's extensive colloquies with him (*see People v Swarts*, 64 AD3d 801, 802 [2009]).

Defendant further claims that his trial counsel was ineffective in failing to fully explain the consequences of the plea and in improperly discouraging him from exercising his right to trial. To the extent this claim relates to the voluntariness of his plea, it survives his waiver of the right to appeal (*see People v Marshall*, 66 AD3d 1115, 1116 [2009]; *People v Walley*, 63 AD3d 1284, 1285 [2009]), but is unpreserved due to his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Maldonado*, 61 AD3d 1220 [2009]; *People v Sterling*, 57 AD3d 1110, 1112-1113 [2008], *lv denied* 12 NY3d 788 [2009]). In any event, as to those matters revealed in the record, there is no indication that defendant was not afforded meaningful representation (*see People v Rivera*, 71 NY2d 705, 708-709 [1988];

*People v Baldi*, 54 NY2d 137, 146-147 [1981]). To the extent that defendant's assertions are based on matters outside the record, they should be addressed by a motion pursuant to CPL 440.10 (*see People v Echavarria*, 53 AD3d 859, 863-864 [2008], *lv denied* 11 NY3d 832 [2008]).

Our review of defendant's claim that his prison sentence is harsh and excessive is precluded by his waiver of the right to appeal (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Spangenberg*, 49 AD3d 969 [2008], *lv denied* 10 NY3d 870 [2008]). However, the record of the sentencing proceedings reveals that although County Court clearly intended to sentence defendant in accordance with the plea agreement, it inadvertently failed to pronounce sentence separately on each of the two counts to which he pleaded guilty, as required by CPL 380.20. The matter must, therefore, be remitted for sentencing on both counts (*see People v Sturgis*, 69 NY2d 816, 817-818 [1987]; *People v Murphy*, 37 AD3d 976, 976-977 [2007]).

Mercure, J.P., Peters, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Sullivan County for resentencing; and, as so modified, affirmed.