THIRD DEPARTMENT, OCTOBER, 2011

(October 6, 2011)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN JOSE PEQUE, Also Known as JUAN JOSE PEQUE SICAJAN, Appellant. [930 NYS2d 492]—

Malone Jr., J.

Defendant, an illegal immigrant who was temporarily residing in a hotel located in the Town of Chemung, Chemung

County, forced a woman to have sexual intercourse with him in a bathroom stall of a bar located in the hotel. Defendant was charged by indictment with one count of rape in the first degree and pleaded guilty to the charge pursuant to a negotiated plea agreement whereby he was promised a sentence of 17½ years in prison followed by five years of postrelease supervision. County Court sentenced defendant as promised and defendant now appeals.

Defendant argues that his plea was not knowing, voluntary and intelligent because neither County Court nor defense counsel advised him that he would be subject to deportation upon his conviction. Inasmuch as a defendant's potential for deportation is considered a collateral consequence of a criminal conviction, County Court's failure to advise defendant of such consequence does not render the plea invalid (*see* CPL 220.50 [7]; *People v Ford*, 86 NY2d 397, 405 [1995]; *People v Romero*, 82 AD3d 1013 [2011]; *see also People v Harnett*, 16 NY3d 200, 205-206 [2011]). County Court engaged in a thorough plea colloquy wherein it adequately advised defendant of the rights he was giving up by pleading guilty, ascertained that defendant understood these rights and engaged in a satisfactory factual allocution. Accordingly, we find that defendant's plea was knowing, voluntary and intelligent (*see People v Johnson*, 21 AD3d 1149, 1149 [2005]; *People v Ward*, 2 AD3d 1219, 1219 [2003], *lv denied* 2 NY3d 808 [2004]).

While counsel's failure to accurately and adequately advise a defendant of the immigration consequences of a plea may constitute ineffective assistance of counsel (*see Padilla v Kentucky*, 559 US —, —, 130 S Ct 1473, 1483-1486 [2010]; *People v McDonald*, 1 NY3d 109, 115 [2003]; *People v Argueta*, 46 AD3d 46, 49-50 [2007], *lv dismissed* 10 NY3d 761 [2008]), we are unable to review defendant's claim in this regard as it involves matters largely outside of the record and is more appropriately addressed by a CPL article 440 motion (*see People v Lafoe*, 75 AD3d 663, 664 [2010], *lv denied* 15 NY3d 953 [2010]; *People v Corbett*, 52 AD3d 1023, 1024 [2008]). Finally, we find no extraordinary circumstances warranting reduction of the negotiated sentence (*see People v Johnson*, 21 AD3d at 1149-1150; *People v Horace*, 8 AD3d 752, 752 [2004], *lv denied* 3 NY3d 675 [2004]).

Rose, J.P., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.