■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VANCE A. BARRETT, Appellant. [753 NYS2d 398] —Mercure, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered September 22, 1999, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.

In full satisfaction of all pending and potential charges, defendant pleaded guilty to one count of attempted robbery in the second degree. At sentencing, defendant attempted to withdraw his plea, arguing that he had insufficient time to make an informed decision, that he was scared and that the agreed-upon sentence was unduly harsh. After denying defendant's request to withdraw his plea, County Court sentenced defendant to a determinate prison term of five years and a five-year period of postrelease supervision. The period of postrelease supervision was later reduced to three years. Defendant appeals and we affirm.

Initially, we find that defendant's waiver of his right to appeal was proper in all respects. " '[W]here the plea allocution demonstrates a knowing, voluntary and intelligent waiver of the right to appeal, intended comprehensively to cover all aspects of the case, and no constitutional or statutory mandate or public policy concern prohibits its acceptance, the waiver

will be upheld completely' " (*People v Kemp*, 94 NY2d 831, 833, quoting *People v Muniz*, 91 NY2d 570, 575). Here, during the plea allocution defendant unequivocally waived his right to appeal and further acknowledged the consequences of such a waiver. County Court then inquired into whether defendant understood everything that had transpired during the allocution, to which defendant answered in the affirmative. Recognizing that public policy considerations encourage the enforcement of waivers of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10), we find that defendant completely understood and willingly accepted the terms of his waiver (*see People v Shea*, 254 AD2d 512, 513).

Because defendant knowingly, voluntarily and intelligently waived his right to appeal, his challenge to the severity of the sentence imposed is unpreserved for our review (*see People v Varno*, 297 AD2d 873, 874; *People v McDonald*, 295 AD2d 756, 757, *lv denied* 98 NY2d 711). Nevertheless, were we to consider the merits, we would not find that the sentence is either harsh or excessive in view of defendant's extensive criminal history, the violent nature of the crime and the absence of extraordinary circumstances (*see People v Wade*, 297 AD2d 877, 877; *People v Trimm*, 295 AD2d 640, 642-643, *lv denied* 98 NY2d 732; *People v Bailey*, 295 AD2d 632, 635, *lv denied* 98 NY2d 766).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.