■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK S. LEROY, Appellant. [764 NYS2d 366] —Mugglin, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered January 4, 2002 in Albany County, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

Defendant was charged with multiple theft crimes arising from a number of purse snatchings in the City of Albany during the summer of 2001. The People made a plea offer under which defendant would plead guilty to robbery in the second degree, waive his right to appeal and be sentenced to a determinate prison term not exceeding 10 years to be followed by a period of postrelease supervision, in full satisfaction of the charges. Defendant accepted the plea offer and was sentenced to a determinate prison term of seven years. He now appeals.

Defendant asserts that he did not fully understand his right to appeal and, therefore, did not knowingly, voluntarily and intelligently waive it as part of the plea agreement. Consequently, he contends that he is not precluded from challenging the severity of the sentence. During the plea proceedings, however, defendant did not express any misapprehension regarding the waiver of the right to appeal. Rather, the transcript reveals that Supreme Court explained in detail the ramifications of pleading guilty, including that it encompassed a waiver of the right to appeal, and defendant responded that he understood and wished to enter a plea of his own free will. In light of this, we conclude that defendant knowingly, voluntarily and intelligently waived his right to appeal and may not now challenge the sentence as harsh and excessive (*see People v Barrett*, 301 AD2d 790, 790 [2003]; *People v Ackerley*, 297

AD2d 861, 862 [2002], *lv denied* 99 NY2d 554 [2002]; *People v Chester*, 297 AD2d 862, 863 [2002], *lv denied* 99 NY2d 534 [2002]). Nevertheless, even if we were to consider defendant's claim, given the violent nature of the subject crime, we would find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Joseph*, 305 AD2d 813, 813 [2003]; *People v Samuels*, 304 AD2d 913, 914 [2003]).

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.