■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW CLOW, Also Known as DREY, Appellant. [782 NYS2d 148]—

Spain, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered April 24, 2001 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted murder in the second degree.

In satisfaction of two indictments, defendant pleaded guilty to the crime of attempted murder in the second degree. Defendant

waived his right to appeal, including a specific waiver of any appeal of the agreed-upon sentence, and was sentenced in accordance with the plea agreement to a prison term of 20 years followed by $2^1/2$ years of postrelease supervision. Nonetheless, defendant appeals, solely contending that the sentence imposed was harsh and excessive.

Where, as here, a defendant enters a guilty plea which the record reflects is knowing, voluntary and intelligent and includes a comprehensive waiver of the defendant's right to appeal, the appeal waiver is enforceable and includes any challenge to the severity of the lawful sentence imposed (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Allen*, 82 NY2d 761, 763 [1993]; *People v Seaberg*, 74 NY2d 1, 9-11 [1989]; *People v Lemons*, 6 AD3d 756 [2004]). Indeed, when a defendant appeals from a guilty plea which includes an appeal waiver, and both have, necessarily, been reviewed and approved by the trial court, "[t]he role of the appellate courts is to review the record to ensure that the defendant's waiver reflects a knowing, intelligent and voluntary choice" (*People v Hidalgo, supra* at 736, citing *People v Callahan*, 80 NY2d 273, 280 [1992] and *People v Seaberg, supra* at 11). While the Appellate Divisions always retain interest of justice jurisdiction to review sentences for harshness and excessiveness (*see* CPL 470.15 [2] [c]; [3] [c]; [6] [b]; CPL 450.10 [1]; 470.20 [6]; *see also People v Callahan, supra* at 283-285), a defendant's decision to waive appeal as part of a plea agreement represents "a decision not to invoke" the Appellate Divisions' discretionary review power, i.e., "[b]y pleading guilty a defendant *forecloses* the appellate court from reviewing the merits of the plea bargain . . . and there is nothing inherently wrong in a defendant *similarly electing to foreclose review of a negotiated sentence*" (*People v Seaberg, supra* at 9-10 [emphasis added]).

Here, because our review of the record reflects that the plea and appeal waiver are, in all respects, valid and enforceable, we adhere to the principle that, "[b]y waiving [his] right to appeal, defendant agreed to *end this matter entirely at sentencing* and to abide by the *[trial] court's exercise of discretion* in determining [his] sentence" (*People v Hidalgo, supra* at 737 [emphasis added]; *see People v Boyce*, 2 AD3d 1208, 1209 [2003], *lv denied* 2 NY3d 737 [2004]). "[I]n most situations, the appellate courts should honor such waivers [of the right to appeal]" (*People v Callahan, supra* at 280), which "foreclose[ ] appellate review of all claims that might be raised on appeal, except, of course, those categories of claims that survive such waivers under our case law" (*id.* at 285). Doing so gives full and fair effect to the

negotiated plea and appeal waiver and gives district attorneys the full benefit of the bargain to which they consented, consistent with the long-standing principle underlying judicial recognition of appeal waivers that "bargains fairly made should signal an end to litigation, not a beginning" (*People v Seaberg, supra* at 8).

The proper disposition of this appeal, "taken despite an effective and enforceable waiver [of appeal]" (*People v Callahan, supra* at 283), "is an affirmance predicated on the absence of any reviewable issues that have not been superseded by the [appeal] waiver" (*id.* at 285; *see People v Allen,* 82 NY2d 761, 763 [1993]).

Cardona, P.J., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.