■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MAHAR, Appellant. [783 NYS2d 705]—

Peters, J. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered July 20, 2000, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

In satisfaction of a four-count indictment, defendant pleaded guilty to the crime of robbery in the second degree, waiving his right to appeal. Pursuant to the terms of the plea agreement, County Court sentenced defendant to a prison term of 9½ years. Defendant appeals.

As a threshold matter, we note that defendant's challenge to

---

the voluntariness of his plea is unpreserved in light of his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Meyer*, 1 AD3d 636, 637 [2003]; *People v Richardson*, 295 AD2d 763, 764 [2002], *lv denied* 98 NY2d 771 [2002]). In any event, we are fully satisfied that defendant's plea was knowingly, intelligently and voluntarily made. County Court conducted a thorough and comprehensive inquiry and accepted the plea only after defendant assured him that he was entering it entirely of his own free will, understood the rights he was relinquishing, was satisfied with the services of his counsel and unequivocally admitted to facts establishing the elements of the subject crime (*see People v Burdo*, 1 AD3d 793, 794 [2003], *lv denied* 2 NY3d 761 [2004]; *People v Jackson*, 245 AD2d 964, 964 [1997]). Contrary to defendant's assertion, his plea was not rendered involuntary merely because he provided affirmative responses to County Court's inquiries regarding the underlying facts rather than personally reciting them (*see People v Kinch*, 237 AD2d 830, 831 [1997], *lv denied* 90 NY2d 860 [1997]).

Moreover, there is no support in the record for defendant's claim, also unpreserved, that County Court should have inquired as to whether defendant had considered potential intoxication or diminished mental capacity defenses prior to accepting the plea agreement. At no time during the plea allocution or at sentencing did defendant claim, as he now does on appeal, that his crack cocaine addiction prevented him from remembering his participation in the crime or negated his guilt thereof, nor did he raise any other issue that might have indicated to County Court that defendant had not knowingly waived these defenses; rather, defendant's responses during the plea colloquy reveal that he was fully aware of his actions and their import (*see People v Keyes*, 300 AD2d 909, 909-910 [2002]; *People v Nieves*, 299 AD2d 888, 888-889 [2002], *lv denied* 99 NY2d 631 [2003]; *People v Jaworski*, 296 AD2d 597, 597-598 [2002]). Defendant's challenge to the severity of his sentence will not be reviewed in view of his knowing, intelligent and voluntary waiver of his right to appeal (*see People v Clow*, 10 AD3d 803 [2004]; *People v Barrett*, 301 AD2d 790, 791 [2003]). Moreover, we find no circumstances warranting the exercise of our interest of justice jurisdiction (*see People v Leroy*, 308 AD2d 639, 640 [2003]; *People v Moneyhan*, 248 AD2d 756, 757 [1998], *lv denied* 91 NY2d 1010 [1998]).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.