■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT M. MAUZY, Appellant. [786 NYS2d 670]—Appeal from a judgment of the County Court of Cortland County (Ames, J.), rendered September 11, 2002, convicting defendant upon his plea of guilty of the crimes of sexual abuse in the first degree and rape in the second degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with sexual abuse in the first degree and rape in the second degree. He pleaded guilty to both charges and waived his right to appeal. No promise was made as part of the plea agreement concerning his sentence. Rather, defendant was advised that he could be sentenced to a determinate term of anywhere from 2 to 7 years on the sexual abuse conviction and an indeterminate term of anywhere from $2^{1}/_{3}$ to 7 years on the rape conviction, which sentences could run consecutively, and which would be followed by a period of postrelease supervision. Defendant was sentenced to consecutive prison terms of four years on the sexual abuse conviction and $1^{1}/_{2}$ to 3 years on the rape conviction.

Defendant's sole contention on appeal is that the sentence is excessive and should be modified to six months in jail and 10 years' probation. The record reflects, however, that both the guilty plea and the waiver of appeal were knowingly, intelligently and voluntarily entered and, thus, are valid and enforceable. The waiver constitutes defendant's agreement to

abide by the sentencing court's exercise of discretion in determining his sentence, and precludes him from challenging the severity of the sentence (*see People v Clow*, 10 AD3d 803 [2004]; *see also People v Hidalgo*, 91 NY2d 733, 737 [1998]).

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.