(July 21, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN RIVERA, Appellant. [798 NYS2d 578]—

Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered October 10, 2000, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

In a six-count, superseding indictment dated June 27, 2000, defendant was charged with two counts of burglary in the second degree, two counts of petit larceny, grand larceny in the fourth degree and burglary in the third degree. Defendant was thereafter arraigned on the superseding indictment before County Court, which indicated that the original indictment would be dismissed. Following extensive negotiations, defendant agreed to plead guilty to one count of burglary in the second degree in full satisfaction of the indictment and, in exchange, would receive a prison term of no more than six years and no less than five years along with a mandatory three-year period of postrelease supervision. County Court explained all of the rights that defendant was giving up by pleading guilty and defendant stated that he understood. Defendant further stated that he was satisfied with his attorney and that he was pleading guilty voluntarily. Defendant waived his right to appeal. Defendant then admitted that he entered a building in the City of Cohoes, Albany County, with the intent of committing a crime therein. Defendant was sentenced to a prison term of five years and a three-year period of postrelease supervision.

Defendant's challenge to the voluntariness of the plea, while not encompassed by his waiver of the right to appeal, is not preserved for our review inasmuch as he did not move to withdraw the plea or vacate the judgment of conviction (*see People v Ward*, 2 AD3d 1219, 1219 [2003], *lv denied* 2 NY3d 808 [2004]). The exception to the preservation rule is inapplicable as defendant did not make any statements that were inconsistent with his guilt so as to negate an essential element of the crime (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Ward, supra* at 1219). In any event, there is no requirement that defendant personally recite the facts underlying his crime and defendant's affirmative answers to County Court's questions regarding the underlying facts neither cast doubt on his guilt nor called into question the voluntariness of his guilty plea (*see People v Mahar*, 12 AD3d 715, 716 [2004]; *People v Pringle*, 10 AD3d 802, 803 [2004]).

Defendant's additional claim that defense counsel's failure to inform him of the rights he was giving up undermined the voluntariness of his plea finds no support in the record and, indeed, is belied by defendant's own statements that he had fully discussed his options with his counsel to his satisfaction (*see People v Wright*, 295 AD2d 806, 807 [2002]; *see also People v Bethea*, 19 AD3d 813, 814 [2005]). Finding no basis for determining that the plea and appeal waiver were other than knowing, voluntary and intelligent, we decline to disturb them

(*see People v Hughes*, 3 AD3d 736, 737 [2004]), and his contention that his sentence was harsh and excessive is precluded by the valid appeal waiver (*see People v Clow*, 10 AD3d 803, 804 [2004]; *People v Hughes, supra* at 737).

Finally, even assuming the issue survives defendant's guilty plea and appeal waiver, we reject defendant's contention that the superseding indictment was jurisdictionally defective on the ground that it was not properly filed with County Court prior to his arraignment. The record establishes that Supreme Court had issued an order of transfer to County Court, which was in possession of the superseding indictment at the time of defendant's arraignment (*see* CPL 10.10 [2] [b]; 100.05, 200.10, 200.80).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.