■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLORIA D. CARROLL, Appellant. [800 NYS2d 777]—

Mercure, J. Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered March 23, 2004, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant was charged in an indictment with criminal possession of a controlled substance in the second degree after a search of her home revealed methamphetamines. Following County Court's denial of defendant's motion to suppress the evidence seized, defendant pleaded guilty to criminal possession of a controlled substance in the third degree, waived her right to appeal any issues relating to her conviction or sentence, and signed a written waiver instrument to that effect. Defendant was thereafter sentenced to an agreed-upon term of 1 to 3 years in prison and now appeals.

In light of defendant's knowing, voluntary and intelligent waiver of her right to appeal from all waivable aspects of this case, she is precluded from now challenging the denial of her suppression motion (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Buchanan*, 18 AD3d 1019, 1020 [2005]). Notably, County Court specifically advised defendant during the plea allocution that she was forfeiting her right to suppress any evidence by entering the plea, and defendant indicated that she understood. Moreover, inasmuch as her argument does not impact the voluntariness of her guilty plea, defendant's valid waiver of appeal also forecloses her claim that defense counsel's failure to advise the People of her intention to testify before the grand jury amounted to a denial of the effective assistance of counsel (*see People v Sayles*, 292 AD2d 641, 643 [2002], *lv denied*

98 NY2d 681 [2002]; *cf. People v Grant*, 294 AD2d 671, 672 [2002], *lv denied* 98 NY2d 730 [2002]; *see generally People v Steed*, 17 AD3d 928, 929 [2005]).

Cardona, P.J., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.