■ The People of the State of New York, Respondent, v Bradley W. Crannell, Appellant. [804 NYS2d 822]—Carpinello, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered March 29, 2004, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the second degree.

Defendant was indicted on charges of criminal possession of marihuana in the first degree stemming from the recovery of nearly 15 pounds of marihuana from a limousine in which he had been an occupant for several hours on March 7, 2002. Following an unsuccessful motion to suppress the marihuana and his statement to police that it belonged to him, defendant, who was out on bail, absconded out of state. Ultimately, he was located and pleaded guilty to criminal possession of marihuana in the second degree in satisfaction of the indictment, as well as a bail jumping charge. He waived his right to appeal. Sentenced in accordance with the plea agreement as a second felony offender to 2¹/₂ to 5 years in prison, defendant appeals.

Defendant's waiver of the right to appeal precludes the claims that his suppression motion was improperly denied (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Carroll*, 21 AD3d 586 [2005]), that he received ineffective assistance of counsel at the suppression hearing (*see People v Wright*, 21 AD3d 583 [2005];

*People v Carroll, supra*) and that the agreed-upon sentence is harsh and excessive (*see People v Clow*, 10 AD3d 803, 804-805 [2004]). To the extent that defendant also challenges the voluntariness of his plea, claiming that he did not sufficiently admit to the facts underlying the crime, we note that he has failed to move to withdraw the plea or vacate the judgment of conviction. Thus, this issue is unpreserved for our review (*see People v Rivera*, 20 AD3d 763, 764 [2005]; *People v Bethea*, 19 AD3d 813, 814 [2005]). In any event, our review of the plea allocution satisfies us that the plea was entered knowingly, voluntarily and intelligently and that defendant's affirmative response to County Court's questioning established a factual basis for the crime of which he was convicted (*see People v Rivera, supra*; *People v Mahar*, 12 AD3d 715, 716 [2004]).

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.