■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KRISTERFER G. PASSINO, Appellant. [807 NYS2d 210]—

Rose, J. Appeals (1) from a judgment of the County Court of Fulton County (Hoye, J.), rendered September 8, 2003, convicting defendant upon his plea of guilty of the crimes of kidnapping in the second degree and rape in the first degree, and (2) by permission, from an order of said court, entered August 26, 2004, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was charged with various crimes after he offered to give the female victim a ride home, but then drove past her home without stopping and refused to let her out of his van. Using a pellet pistol, defendant forcibly held her in his van, drove her to a secluded place and raped her. Defendant ultimately pleaded guilty to rape in the first degree and kidnapping in the second degree, and expressly waived his right to appeal. Pursuant to the negotiated plea agreement, County Court sentenced defendant as a second felony offender to concurrent terms of 16 years in prison and five years of postrelease supervision. Defendant appeals from the judgment of conviction and, by permission of this Court, from an order denying his later CPL 440.10 motion without a hearing.

Initially, we find no merit to defendant's contention that, despite his agreement to waive his right to appeal, County Court failed to sufficiently advise him of the rights he would be relinquishing. During the second plea colloquy, which occurred after defendant received new counsel and an improved plea bargain, defendant reaffirmed his written waiver and counsel expressly stated to County Court that he had advised defendant of the consequences of waiving the right to appeal. At that time

and again at sentencing, defendant affirmed that he had been fully advised of, and understood, the rights being waived (*see People v Rivera*, 20 AD3d 763, 764 [2005]; *People v Barrett*, 301 AD2d 790, 790-791 [2003]; *People v Bolden*, 289 AD2d 607, 609 [2001], *lv denied* 98 NY2d 649 [2002]). Defendant's express waiver of the right to appeal precludes his present claims that his statements to police and the physical evidence seized from his vehicle should have been suppressed (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Carroll*, 21 AD3d 586, 586 [2005]).

Defendant next argues that his guilty plea must be vacated because his factual admissions did not establish either of the crimes of which he was convicted. We disagree. During the first plea allocution, defendant had a copy of the indictment in front of him while County Court defined the elements and asked him if he had committed the conduct described. Defendant answered in the affirmative each time, thus establishing each element of the crimes for which he was convicted (*see People v Rivera, supra* at 764; *People v Mahar*, 12 AD3d 715, 716 [2004]).

Defendant also contends that he should not have been convicted of kidnapping separate from his conviction of rape because the victim's abduction was part of a single criminal transaction. We are not persuaded. The merger doctrine is intended to preclude conviction for kidnapping based on acts which are " 'so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them' " (*People v Gonzalez*, 80 NY2d 146, 153 [1992], quoting *People v Cassidy*, 40 NY2d 763, 767 [1976]). Here, the facts admitted in defendant's statements to police and in his allocution establish that he forcibly prevented the victim from leaving his van, threatened her with what appeared to be a deadly weapon when she became hysterical and then transported her to a remote and secluded location (*see People v May*, 263 AD2d 215, 220 [2000], *lv denied* 94 NY2d 950 [2000]; *People v Van Steenburg*, 221 AD2d 799, 802 [1995], *lv denied* 87 NY2d 978 [1996]).

Turning to defendant's CPL 440.10 motion, we cannot agree that County Court should have conducted a hearing on his claims that, among other things, his counsel's failure to request a competency hearing regarding his mental retardation constituted ineffective assistance and the prosecutor's presentation of allegedly false testimony at the *Huntley* hearing constituted misconduct. The sole proof submitted in support of defendant's motion was his own affidavit, and it contained only conclusory

allegations, most of which were contradicted by his plea allocution. In view of the lack of any other proof that defense counsel provided inadequate representation or the police officers testified falsely, County Court did not abuse its discretion in denying defendant's motion without a hearing (*see* CPL 440.30 [4] [d]; *People v Sayles,* 17 AD3d 924, 925 [2005], *lv denied* 5 NY3d 794 [2005]; *People v Aiken,* 186 AD2d 897, 898 [1992]).

We have considered defendant's remaining arguments and find them to be without merit.

Mercure, J.P., Carpinello and Kane, JJ., concur. Ordered that the judgment and order are affirmed.