■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANUEL ADAMS, JR., Appellant. [811 NYS2d 129]—

Carpinello, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered September 14, 2004, convicting defendant upon his plea of guilty of the crime of aggravated criminal contempt.

Defendant pleaded guilty to aggravated criminal contempt in satisfaction of a seven-count indictment charging three counts of this crime, as well as two counts of assault in the third degree, disorderly conduct and harassment in the second degree. The charges stem from incidents of domestic violence against his wife and violations of separate orders of protection. Upon pleading guilty, defendant waived his right to appeal. Sentenced in accordance with the plea agreement to 1 to 3 years in prison, defendant appeals.

Defendant challenges the voluntariness of his plea, specifi-

cally claiming that the plea was "rushed," that he entered into it "under a great deal of pressure from his attorney" and that he entered into it without full knowledge of its consequences or his legal rights. While this challenge survives his waiver of appeal (*see People v Hansen*, 95 NY2d 227, 231 n 2 [2000]), it is nevertheless unpreserved for this Court's review since defendant did not move to withdraw the plea or vacate the judgment of conviction (*see e.g. People v Crannell*, 23 AD3d 769, 770 [2005]; *People v Reid*, 21 AD3d 1215, 1215-1216 [2005]).

In any event, our review of the plea allocution satisfies us that the plea was voluntary. Notably, when defendant expressed concern that he had "no choice" but to plead guilty and that he was dissatisfied with his attorney, County Court advised him that he indeed had the right to proceed to trial and specifically inquired if he understood the plea offer, to which he responded in the affirmative. Moreover, after defendant confirmed that he wanted to plead guilty, he specifically stated that no one was forcing him to do so. County Court thereafter thoroughly informed defendant of those rights he would be relinquishing by pleading guilty. Therefore, even if the matter is properly before us, we would find defendant's plea was entered into voluntarily (*see People v Donaldson*, 1 AD3d 800, 801 [2003], *lv denied* 2 NY3d 739 [2004]).

Next, defendant received an advantageous plea and nothing in the record before us casts doubt on the effectiveness of his counsel (*see People v Ford*, 86 NY2d 397, 404 [1995]). Finally, defendant's challenge to the severity of the agreed-upon sentence is precluded by his voluntary waiver of the right to appeal (*see People v Crannell, supra*; *People v Clow*, 10 AD3d 803, 804 [2004]).

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.