■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL SYRELL, Appellant. [813 NYS2d 246]—Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered September 16, 2004, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Defendant pleaded guilty to criminal possession of a controlled substance in the second degree, a class A-II felony, in satisfaction of a 10-count indictment charging him with various drug-related crimes. Under the terms of the plea agreement, he was to be sentenced to four years to life in prison. In addition, he waived his right to appeal the judgment of conviction as well as the sentence except to the extent a future legislative change in sentencing under the Rockefeller drug laws would entitle him to be resentenced. Defendant was sentenced as agreed and now appeals.

Defendant's sole contention is that his sentence is harsh and excessive and should be reduced in light of recent legislation amending the Rockefeller drug laws. In view of defendant's knowing, voluntary and intelligent guilty plea and waiver of the right to appeal, he is precluded from challenging the severity of the sentence (*see People v Lopez,* 6 NY3d 248, 255-256 [2006]; *People v Clow,* 10 AD3d 803, 804 [2004]), unless it is encompassed by the exception contained in defendant's waiver. Chapter 643 of the Laws of 2005 is the only recent legislation amending the Rockefeller drug laws applicable to those, like defendant, who have been convicted of class A-II felonies. It provides that certain persons convicted of such crimes may apply for resentencing in accordance with Penal Law § 70.71 in the court that imposed the original sentence (L 2005, ch 643, § 1). However, persons sentenced for class A-II felonies prior to January 13, 2005 are not eligible for resentencing under the new law (*see* Senate Mem in Support, Bill Jacket, L 2005, ch 643). Given that defendant was sentenced prior to this date on September 16, 2004, he is not entitled to resentencing under the new legislation. Accordingly, the exception contained in

defendant's waiver of appeal does not provide a basis for disturbing his sentence.

Mercure, J.P., Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.