■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID O. MERRILL, Appellant. [812 NYS2d 717]—

Appeal from a judgment of the County Court of Essex County (Halloran, J.), rendered June 7, 2005, convicting defendant upon his plea of guilty of the crime of attempted sexual abuse in the first degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with two counts of sexual abuse in the first degree and endangering the welfare of a child. He pleaded guilty to attempted sexual abuse in the first degree in satisfaction of all charges and waived his right to appeal. During the plea proceedings, the parties discussed the fact

that defendant had prior felony convictions under the Vehicle and Traffic Law. The prosecutor indicated that she did not consider defendant a second felony offender as a result of these felonies. She further stated that, although defendant could be classified as a discretionary persistent felony offender, such classification would not be sought by her office. County Court advised defendant that he could potentially be sentenced as a persistent felony offender, but made no sentencing commitment at the time that defendant entered his plea. At sentencing, a different prosecutor filed a predicate felon information classifying defendant as a second felony offender based upon his prior felonies and County Court agreed that such classification was mandatory. The court adjudicated defendant as such and sentenced him to 2 to 4 years in prison. Defendant appeals.

While not contesting his status as a second felony offender nor seeking to vacate his conviction, defendant urges this Court to reduce his sentence in the interest of justice due to misrepresentations made by the prosecutor during the plea proceedings. The record, however, indicates that no particular representations were made concerning the sentence that defendant would receive as part of the plea agreement and he entered a knowing, voluntary and intelligent plea and waiver of his right to appeal. In view of this, we decline to address defendant's challenge to the severity of the sentence (*see People v Lopez,* 6 NY3d 248, 256-257 [2006]; *People v Clow,* 10 AD3d 803, 804 [2004]).

Mercure, J.P., Crew III, Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.