THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACOB A. GARDNER, Appellant. [813 NYS2d 620]—

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered January 27, 2003. The judgment convicted defendant, upon a jury verdict, of attempted kidnapping in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for resentencing.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted kidnapping in the second degree (Penal Law §§ 110.00, 135.20). The evidence at trial established that defendant stopped his vehicle next to an 11-year-old girl who was walking home from school, held up a BB gun and ordered her to "get in the car." The victim did not move and began to cry, and defendant then drove away. Contrary to defendant's contention, County Court properly refused to charge attempted unlawful imprisonment in the second degree as a lesser included offense. There is no reasonable view of the evidence to support a finding that defendant committed that crime, which requires a finding that defendant attempted to restrain another person (see §§ 110.00, 135.05), but not attempted kidnapping in the second degree, which requires a finding that defendant attempted to abduct another person (see §§ 110.00, 135.20). The term abduct "means to restrain a person with intent to prevent his [or her] liberation by[, inter alia,] using or threatening to use deadly physical force" (§ 135.00 [2]). Although the operability of the BB gun held by defendant was not established, "the threatened use of that which appears to be a weapon is sufficient to establish abduction with the threat of [the] use of deadly force" (*People v Govan*, 268 AD2d 689, 690 [2000], *lv denied* 94 NY2d 920 [2000]; *see People v Dodt*, 61 NY2d 408, 414-415 [1984]). Defendant's threatened use of the gun together with the attempted restraint "can only be reasonably viewed as an [attempted] abduction" (*People v Linderberry*, 222 AD2d 731, 734 [1995], *lv denied* 87 NY2d 975 [1996]).

Defendant further contends that the court erred in denying his request to redact two sentences from his statement in which he described his commission of an uncharged prior bad act. We reject that contention. Those two sentences were relevant to establish that defendant intended to abduct the victim and did not merely intend to play a joke or prank, as suggested by the theory of the defense (*see People v Alvino*, 71 NY2d 233, 241-242 [1987]; *People v Milot*, 305 AD2d 729, 731 [2003], *lv denied* 100 NY2d 585 [2003]), and their probative value outweighed their prejudicial effect (*see People v Brumfield*, 236 AD2d 839 [1997], *lv denied* 89 NY2d 1032 [1997]; *see generally People v Ventimiglia*, 52 NY2d 350, 359 [1981]). Also contrary to defendant's contention, the court properly exercised its discre-

tion in precluding evidence of defendant's demeanor because it "was too remote to be relevant" (*People v Hull*, 279 AD2d 415, 415 [2001], *lv denied* 96 NY2d 830 [2001]). Defendant's contentions with respect to the alleged inadmissibility of the testimony of the officer who examined the BB gun are also without merit.

We agree with defendant, however, that the court erred at sentencing in allowing the prosecutor to read into the record a list of defendant's alleged prior bad acts. "Although a court may consider uncharged crimes in sentencing a defendant, it 'must assure itself that the information upon which it bases the sentence is reliable and accurate' " (*People v Bratcher*, 291 AD2d 878, 879 [2002], *lv denied* 98 NY2d 673 [2002], quoting *People v Outley*, 80 NY2d 702, 712 [1993]), and the court did not do so here. We therefore modify the judgment by vacating the sentence, and we remit the matter to Monroe County Court for resentencing. In light of our determination, we do not address defendant's remaining contention concerning the severity of the sentence. Present—Pigott, Jr., P.J., Scudder, Kehoe, Green and Hayes, JJ.