■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL SYRELL, Appellant. [817 NYS2d 539]—Motion for reargument. Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is ordered that the motion is granted, and the memorandum and order decided and entered April 6, 2006 (28 AD3d 799 [2006]) is vacated and the following memorandum and order is substituted therefor:

Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered September 16, 2004, convicting

defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Defendant pleaded guilty to criminal possession of a controlled substance in the second degree, a class A-II felony, in satisfaction of a 10-count indictment charging him with various drug-related crimes. Under the terms of the plea agreement, he was to be sentenced to four years to life in prison. In addition, he waived his right to appeal the judgment of conviction as well as the sentence. County Court advised him, however, that his waiver would not prevent him from being considered for resentencing under any future legislative changes in the Rockefeller drug laws. Defendant was sentenced as agreed and now appeals.

Defendant's sole contention is that his sentence is harsh and excessive and should be reduced in light of recent legislation amending the Rockefeller drug laws. In view of defendant's knowing, voluntary and intelligent guilty plea and waiver of the right to appeal, we decline to review the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]). We note, however, that in light of recent amendments to the Rockefeller drug laws as they pertain to sentences imposed upon class A-II felons, a defendant is not precluded by a waiver of the right to appeal from applying to County Court for resentencing under Penal Law § 70.71 in accordance with the procedure set forth in such legislation (*see* L 2005, ch 643, § 1).

Mercure, J.P., Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.