■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY G. DOWNS, Appellant. [830 NYS2d 869]—

Lahtinen, J. Appeal from a judgment of the County Court of Otsego County (Coccoma, J.), rendered October 4, 2005, upon a verdict convicting defendant of the crimes of attempted murder in the second degree and assault in the first degree.

In the early morning hours of October 30, 2004, defendant encountered the victim and three of the victim's friends while walking in the City of Oneonta, Otsego County and, for no apparent reason, stabbed the victim in the neck causing him to sustain a serious injury. Although defendant fled the scene, he was identified by witnesses and apprehended soon after the

incident. He was indicted for attempted murder in the second degree and assault in the first degree. A jury found him guilty of both charges, rejecting his affirmative defense of lack of culpability by reason of mental disease or defect (*see* Penal Law § 40.15). He was sentenced to two concurrent prison terms of 20 years with five years of postrelease supervision. Defendant appeals.

Defendant contends that he did not receive the effective assistance of counsel because, among other reasons, the People's expert purportedly had superior credentials to the witnesses called by his counsel to address the issue of his mental infirmity. The well-established measure is whether "the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]). " '[C]ounsel's efforts should not be second-guessed with the clarity of hindsight' and . . . our Constitution 'guarantees the accused a fair trial, not necessarily a perfect one' " (*People v Turner*, 5 NY3d 476, 480 [2005], quoting *People v Benevento*, 91 NY2d 708, 712 [1998]). Counsel pursued the reasonable trial strategy of attempting to establish that defendant suffered a mental infirmity that negated his criminal culpability. Two witnesses were produced in support of this defense, a social worker and psychologist. While these witnesses may have had less experience than the expert called by the People, they had worked with defendant since prior to this incident, they were aware of his condition, and their testimony supported defendant's affirmative defense. The decision to call these witnesses certainly did not reflect ineffective assistance and, upon review of the record, it is readily apparent that defendant received meaningful representation as his counsel pursued a legitimate trial strategy and effectively participated in all aspects of the case, from pretrial through trial to sentencing.

Next, defendant asserts that the verdict was against the weight of the evidence. The jury was presented with conflicting proof on the issue of defendant's capacity and, ultimately, was not convinced that defendant had established his affirmative defense by a preponderance of the evidence (*see* Penal Law § 25.00 [2]). After weighing the conflicting testimony, the strength of conflicting inferences from such testimony and the other proof presented at trial, we are not persuaded that the jury's determination should be disturbed (*see generally People v Bolarinwa*, 258 AD2d 827, 831-832 [1999], *lv denied* 93 NY2d 1014 [1999]).

Finally, although the prosecutor referenced an uncharged

crime at sentencing, there is no indication that such comment affected County Court's sentence, which was less than the maximum (*see People v Orengo*, 97 NY2d 739, 739 [2002]; *People v Neish*, 232 AD2d 744, 746-747 [1996], *lv denied* 89 NY2d 927 [1996]; *cf. People v Gardner*, 28 AD3d 1221, 1223 [2006], *lv denied* 7 NY3d 812 [2006]; *People v Bratcher*, 291 AD2d 878, 879 [2002], *lv denied* 98 NY2d 673 [2002]).

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.