■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHIL PHILLIPS, Appellant. [839 NYS2d 258]—

Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered April 10, 2006, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the fifth degree, attempted criminal possession of a weapon in the third degree and attempted criminal sale of a controlled substance in the third degree.

After lengthy and thorough explanation by both counsel and County Court, a negotiated plea agreement was reached and defendant pleaded guilty as a second felony offender to criminal sale of a controlled substance in the fifth degree and attempted criminal sale of a controlled substance in the third degree and, as a persistent violent felony offender, to attempted criminal possession of a weapon in the third degree. He was sentenced to concurrent prison terms of 4 years, 5½ years and 5½ years to life, respectively, all sentences accompanied by applicable periods of postrelease supervision. Defendant appeals, claiming that his pleas of guilty were involuntary, he received the ineffective assistance of counsel and the sentences were harsh and excessive.

We disagree and affirm. Defendant's failure to move to withdraw his guilty plea or to vacate the judgment of conviction renders his challenge to the voluntariness of his plea unpreserved for our review (*see People v Baldwin*, 36 AD3d 1024, 1024 [2007]; *People v Vanguilder*, 32 AD3d 1110, 1110 [2006], *lv*

*denied* 7 NY3d 904 [2006]). In any event, this claim is without merit. His claim that he was confused and under duress at the time he entered his guilty pleas finds no record support as his rights and the consequences of his pleas were repeatedly and thoroughly explained to him. Although some degree of tension between defendant and his attorney is evident, there is no indication that the pleas were in any way coerced. Notably, defendant made neither a protestation of innocence nor any claim of ignorance with respect to his constitutional rights.

Next, defendant's present claim of ineffective assistance of counsel is precluded by his waiver of appeal (*see People v Wise*, 29 AD3d 1216, 1216 [2006], *lv denied* 7 NY3d 852 [2006]). In any event, again the record reveals no merit to this claim. Counsel made an omnibus motion, sought suppression of all identification evidence at a hearing and, in view of defendant's prior criminal history, successfully negotiated an extremely advantageous plea bargain agreement (*see People v Anderson*, 38 AD3d 1061, 1063 [2007]; *People v Downs*, 38 AD3d 1019, 1020 [2007]). Accordingly, were we to reach this issue, we would conclude that defendant was afforded the effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 147 [1981]).

Finally, any challenge to the sentence imposed is precluded by defendant's waiver of appeal (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]). Moreover, as the record fails to reveal any extraordinary circumstances or abuse of discretion that would warrant a reduction, defendant's sentences were neither harsh nor excessive (*see People v Carter*, 267 AD2d 594, 595 [1999], *lv denied* 94 NY2d 917 [2000]).

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.