■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN M. KILGORE, Appellant. [844 NYS2d 487]—

Carpinello, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered April 14, 2006, convicting defendant upon his plea of guilty of the crime of robbery in the third degree.

Defendant was indicted on one count of robbery in the third degree stemming from allegations that he entered a bank, handed the teller a note indicating that she had a certain period

of time within which to put money in a designated bag and then fled with approximately $4,500 when she complied. He thereafter pleaded guilty to this charge in satisfaction of the indictment, as well as a pending charge in another county. His guilty plea included a waiver of the right to appeal. While no specific agreement was reached with respect to sentencing, it was agreed that, in consideration of defendant pleading guilty, County Court would not sentence him as a persistent felony offender. Sentenced as a second felony offender to 3 1/2 to 7 years in prison, defendant now appeals. We affirm.

As noted, defendant waived the right to appeal and he does not challenge this waiver before this Court. This waiver precludes the present claims that his suppression motion pertaining to a pretrial photo array was improperly denied (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Ware*, 34 AD3d 860 [2006], *lv denied* 8 NY3d 951 [2007]; *People v Crannell*, 23 AD3d 769 [2005], *lv denied* 6 NY3d 774 [2006]), that his waiver of immunity before the grand jury was ineffective (*see People v Flihan*, 73 NY2d 729, 731 [1988]; *People v Sobotker*, 61 NY2d 44, 48-49 [1984]), that he received ineffective assistance of counsel (*see People v Phillips*, 41 AD3d 969, 970 [2007]; *People v Crannell*, 23 AD3d at 769), that his sentence is harsh and excessive (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]) and that County Court was biased against him (*see People v McCafferty*, 1 AD3d 799 [2003], *lv denied* 2 NY3d 743 [2004]). Even if we were to consider these issues, we would find them to be lacking in merit.

To the extent that defendant challenges the voluntariness of his plea on the ground that he was rushed into it and that he was not advised of all his options, his failure to move to withdraw the plea or vacate the judgment of conviction renders this precise argument unpreserved for review (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Phillips*, 41 AD3d at 969; *People v Crannell*, 23 AD3d at 770; *People v Rivera*, 20 AD3d 763, 764 [2005]). Focusing on certain portions of his allocution, defendant further argues that an exception to the preservation rule exists because an essential element of robbery in the third degree was negated during the colloquy (i.e., the use or threatened use of physical force) thus casting doubt on his guilt (*see People v Lopez*, 71 NY2d at 666-667). While during the allocution defendant initially denied stealing, County Court conducted a sufficient follow-up inquiry to ensure that he understood the nature of the charge against him and that his plea to same was knowing and voluntary (*see id.* at 667). Notably, defendant thereafter acknowledged that he threatened the

bank teller and demanded money from her. In short, reviewing the preserved arguments attacking the voluntary nature of his plea, we find that "[n]othing in the record of the plea allocution called into question the voluntary, knowing and intelligent nature of defendant's bargained-for plea" (*People v Seeber*, 4 NY3d 780, 780 [2005]; *see People v Lopez*, 71 NY2d at 668; *People v Phillips*, 41 AD3d at 969-970; *People v Rivera*, 20 AD3d at 764).

The remaining contentions, including those contained in defendant's pro se supplemental brief, have been reviewed and rejected.

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.