■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SANFORD, Appellant. [851 NYS2d 165]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., on motion; William A. Wetzel, J., at jury trial and sentence), rendered August 1, 2005, convicting defendant of kidnapping in the second degree, and sentencing him, as a second violent felony offender, to a term of 12 years, unanimously affirmed.

The court properly denied, without a hearing, defendant's motion to suppress physical evidence. The felony complaint and voluntary disclosure form provided defendant with ample information, and his motion papers alleging that, prior to his arrest, he had been conducting himself in "an entirely lawful manner" and that "[n]othing in his conduct" warranted his arrest, did not raise a factual issue to be resolved at a hearing (see People v Mendoza, 82 NY2d 415, 427 [1993]). Defendant's vague allegation that he had "attempted to press charges against the complainant for robbing him" did not raise such an issue, since defendant failed to allege any specifics regarding the alleged robbery or how that allegation would have negated probable cause for his arrest.

The court properly refused to charge unlawful imprisonment in the second degree as a lesser included offense of kidnapping in the second degree. There is no reasonable view of the evidence to support a finding that defendant committed the lesser crime, which requires a finding that defendant restrained the victim (see Penal Law § 135.00 [1]; § 135.05), but not the greater crime, which requires a finding that defendant abducted him (see Penal Law § 135.00 [2]; § 135.20). As relevant to this case, defendant abducted the victim within the meaning of Penal Law § 135.00 (2) by restraining him "with intent to prevent his liberation by . . . threatening to use deadly physical force." The only reasonable view of the evidence was that defendant's threatened use of what appeared to be a real pistol and his re-

straint of the victim in a moving car constituted abduction and not mere restraint (*see People v Gardner*, 28 AD3d 1221, 1222 [2006], *lv denied* 7 NY3d 812 [2006]; *People v Linderberry*, 222 AD2d 731, 734 [1995], *lv denied* 87 NY2d 975 [1996]). Concur—Tom, J.P., Saxe, Gonzalez, Buckley and Catterson, JJ.