■ In the Matter of Ashley D., a Person Alleged to be a Juvenile Delinquent, Appellant. [866 NYS2d 222]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated January 29, 2008, which, upon a fact-finding order of the same court dated December 11, 2007, made upon the appellant's admission, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree, adjudged her to be a juvenile delinquent, and placed her on probation for a period of 15 months subject to certain conditions, including a prohibition on computer use for other than educational purposes.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant admitted that she had committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree. At the time of the allocution, the Family Court was presented with documents establishing that the appellant had violated a condition imposed on her interim release by using "MySpace" and attempting to change her photo and location to avoid discovery. In addition, the presentment agency demonstrated during the dispositional hearing that the appellant had bragged of her conduct on her "MySpace" site and had placed a link on that site to a video of the assault that had been posted by a third party on "YouTube," all in violation of the Family Court's earlier order.

The Family Court has broad discretion as to the dispositional

orders it enters (*see Matter of Melissa B.*, 49 AD3d 536 [2008]; *Matter of Naiquan T.*, 265 AD2d 331 [1999]; Family Ct Act § 141) and great deference is given to the court's determination (*see Matter of Stephone M.H.*, 11 AD3d 464, 465 [2004]). That discretion includes the authority to impose conditions of probation that are reasonably related to rehabilitation (*see* Family Ct Act § 353.2 [2] [h]; Penal Law § 65.10 [2] [*l*]; [5]; *People v Letterlough*, 86 NY2d 259, 264-265 [1995]). In the circumstances presented here, the Family Court providently exercised that discretion in adjudicating the appellant a juvenile delinquent and then placing her on probation for a period of 15 months, subject to certain conditions, including a prohibition on computer use for other than educational purposes. Spolzino, J.P., Florio, Miller and Leventhal, JJ., concur.