In the Matter of ASHANTI B., Appellant. [878 NYS2d 447]—

In a juvenile delinquency proceeding pursuant to Family Court Article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated June 17, 2008, which, upon a fact-finding order of the same court dated April 15, 2008, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, adjudged her to be a juvenile delinquent and placed her on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated April 15, 2008.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence presented at the fact-finding hearing in the light most favorable to the presentment agency (see *Matter of David H.*, 69 NY2d 792 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crime of attempted assault in the third degree (see Penal Law §§ 120.00, 110.00). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see *Matter of Hasan C.*, 59 AD3d 617 [2009]; *Matter of Tanasia Elanie E.*, 49 AD3d 642 [2008]; *Matter of Charles S.*, 41 AD3d 484 [2007]; cf. CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see *Matter of Daniel R.*, 51 AD3d 933, 933-934 [2008]; *Matter of Shariff A.*, 28 AD3d 546, 547 [2006]; cf. *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (see Family Ct Act § 342.2 [2]; cf. *People v Romero*, 7 NY3d 633 [2006]).

The Family Court has broad discretion in fashioning orders of disposition (see *Matter of Javed K.*, 57 AD3d 899 [2008]; *Matter of Ashley D.*, 55 AD3d 605, 606 [2008]; *Matter of Donnell W.*, 36 AD3d 926 [2007]). In light of the appellant's poor school attendance, marginal academic performance, and disciplinary record in school, and the involvement of her mother in the underlying events, the imposition of a period of 12 months probation was the least restrictive dispositional alternative. Dillon, J.P., Angiolillo, Dickerson and Eng, JJ., concur.