In the Matter of EUNIQUE B., Appellant. [899 NYS2d 852]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated June 29, 2009, which, upon a fact-finding order of the same court dated April 15, 2009, made upon the appellant's admission, finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree, adjudged him to be a juvenile delinquent and placed him on enhanced supervision probation for a period of two years. The appeal brings up for review the fact-finding order dated April 15, 2009.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court has broad discretion in entering dispositional orders (*see Matter of Ashanti B.*, 62 AD3d 790 [2009]; *Matter of Ariell C.*, 54 AD3d 1034 [2008]; *Matter of Bruce B.*, 54 AD3d 1031 [2008]). "That discretion includes the authority to impose conditions of probation that are reasonably related to rehabilitation" (*Matter of Ashley D.*, 55 AD3d 605, 606 [2008]; *see* Family Ct Act § 353.2 [2] [h]; Penal Law § 65.10 [2], [5]; *People v Letterlough*, 86 NY2d 259 [1995]). The Family Court's determination must be accorded great deference (*see Matter of Leonard J.*, 67 AD3d 911 [2009]; *Matter of Michael D.*, 60 AD3d 945 [2009]).

Here, the disposition was appropriate in light of, inter alia, the seriousness and ongoing nature of the incidents which led to the appellant's adjudication as a juvenile delinquent, as well as the recommendations made in the probation report and the mental health services report (*see Matter of Julissa R.*, 30 AD3d 526, 528 [2006]; *Matter of Michael E.*, 48 AD3d 810, 811 [2008]).

The appellant's remaining contention is without merit. Rivera, J.P., Florio, Miller and Austin, JJ., concur.