■ In the Matter of SHAUNDALE W., a Person Alleged to be a Juvenile Delinquent, Appellant. [919 NYS2d 364]—

The Family Court properly denied, without a hearing, that

branch of the appellant's omnibus motion which was to suppress physical evidence. "Hearings are not automatic or generally available for the asking by boilerplate allegations" (*People v Mendoza*, 82 NY2d 415, 422 [1993]). The movant's motion papers must state the grounds of the motion and "contain sworn allegations of fact" (CPL 710.60 [1]; *see* Family Ct Act § 330.2 [1]). Even assuming, arguendo, that the appellant had standing to seek suppression of the evidence (*see generally People v Ramirez-Portoreal*, 88 NY2d 99, 108 [1996]; *People v Ponder*, 54 NY2d 160 [1981]), the conclusory allegations made in the appellant's motion papers were insufficient to warrant a hearing (*see* CPL 710.60 [3] [b]). The appellant's motion failed to "raise[ ] a factual dispute on a material point which must be resolved before the court can decide the legal issue of whether evidence was obtained in a constitutionally permissible manner" (*Matter of Elvin G.*, 12 NY3d 834, 835 [2009], quoting *People v Burton*, 6 NY3d 584, 587 [2006]). Accordingly, that branch of the appellant's omnibus motion which was to suppress physical evidence was properly denied without a hearing (*see* CPL 710.60 [1]; Family Ct Act § 330.2 [1]; *People v Mendoza*, 82 NY2d 415 [1993]; *People v Sanford*, 48 AD3d 221 [2008]).

The Family Court has broad discretion in entering dispositional orders (*see Matter of Eunique B.*, 73 AD3d 764 [2010]; *Matter of Ashanti B.*, 62 AD3d 790, 791 [2009]). Contrary to the appellant's contention, the Family Court did not improvidently exercise its discretion in imposing a 12-month period of enhanced supervision probation, rather than an adjournment in contemplation of dismissal. The record establishes that the Family Court's placement of the appellant on enhanced supervision probation was the least restrictive alternative consistent with his needs in light of his chronic and continuing truancy, his need for services including substance abuse counseling, the inability of his mother to supervise him, and the recommendation made in the probation report that he would benefit from the enhanced supervision program (*see Matter of Katherine W.*, 62 NY2d 947 [1984]; *Matter of Melissa B.*, 49 AD3d 536 [2008]; *Matter of Antonio C.*, 294 AD2d 123 [2002]; cf. *Matter of Anthony M.*, 47 AD3d 434 [2008]). Florio, J.P., Dickerson, Leventhal and Belen, JJ., concur.