■ In the Matter of Isaiah C., a Person Alleged to be a Juvenile Delinquent, Appellant. [987 NYS2d 226]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Isaiah C. appeals from an order of disposition of the Family Court, Kings County (Olshansky, J.), dated June 6, 2013, which, upon an order of fact-finding of the same court dated April 22, 2013, made upon his admission, finding that he committed acts which, if committed by an adult, would have constituted the crime of criminal possession of stolen property in the fifth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 11 months.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 11 months is dismissed, without costs or disbursements, as that period of placement has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Despite the fact that the term of the appellant's probation has already expired, there may be collateral consequences resulting from the adjudication of delinquency and, therefore, the appeal from the portion of the order of disposition that adjudged the appellant to be a juvenile delinquent has not been rendered academic (*see Matter of Ashanti D.*, 100 AD3d 886 [2012]; *Matter of Natasha G.*, 91 AD3d 948 [2012]).

The Family Court has broad discretion in entering dispositional orders, and its determination is accorded great deference (*see Matter of Ryan G.*, 112 AD3d 712 [2013]; *Matter of Eunique B.*, 73 AD3d 764 [2010]; *Matter of Ashanti B.*, 62 AD3d 790 [2009]). Here, the Family Court providently exercised its broad discretion in adjudicating the appellant a juvenile delinquent instead of granting the appellant an adjournment in contemplation of dismissal. The disposition was appropriate in light of, inter alia, the seriousness of the incident which led to the appellant's adjudication as a juvenile delinquent, his subsequent arrest for a similar incident, his poor school attendance record, and the recommendation of the New York City Department of Probation (*see Matter of Antoine H.*, 81 AD3d 646 [2011]; *Matter of Eunique B.*, 73 AD3d 764 [2010]; *cf. Matter of Jonathan M.*, 107 AD3d 805, 807 [2013]). Skelos, J.P., Dillon, Roman and Maltese, JJ., concur.